## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| REGINALD ALLEN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:08-cv-01242-JGC |
| v. | ) |
| | ) |
| GENERAL MOTORS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT GENERAL MOTORS CORPORATION'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant General Motors Corporation ("GM"), for its Answer to plaintiff's Complaint, admits, denies and avers as follows:

1.      Answering paragraph 1 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

2.      Answering paragraph 2 of plaintiff's Complaint, GM admits only that it is a corporate entity and that it has a facility in Defiance County, Ohio, but denies the remaining allegations contained therein.

3.      Answering paragraph 3 of plaintiff's Complaint, GM admits only that while venue was proper in the Court of Common Pleas in Defiance County, Ohio, GM has properly removed this matter to the United States District Court for the Northern District of Ohio and venue is proper in this court, but denies the remaining allegations contained therein.

4.      Answering paragraph 4 of plaintiff's Complaint, GM admits the allegations contained therein on information and belief.

5.      Answering paragraph 5 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

6.      Answering paragraph 6 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

7.      Answering paragraph 7 of plaintiff's Complaint, GM states that it is without knowledge or information sufficient to admit or deny what plaintiff considers "all times pertinent," but GM admits that plaintiff was employed as a production supervisor at GM's Defiance, Ohio foundry for approximately the period of time alleged by plaintiff.

8.      Answering paragraph 8 of plaintiff's Complaint, GM denies the allegations contained therein.

9.      Answering paragraph 9 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

10.     Answering paragraph 10 of plaintiff's Complaint, GM denies the allegations contained therein.

11.     Answering paragraph 11 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

12.     Answering paragraph 12 of plaintiff's Complaint, GM denies the allegations contained therein.

13.     Answering paragraph 13 of plaintiff's Complaint, GM denies the allegations contained therein.

14.     Answering paragraph 14 of plaintiff's Complaint, GM denies the allegations contained therein.

15.     Answering paragraph 15 of plaintiff's Complaint, GM denies the allegations contained therein.

16.     Answering paragraph 16 of plaintiff's Complaint, GM denies the allegations contained therein.

17.     Answering paragraph 17 of plaintiff's Complaint, GM denies the allegations contained therein.

18.     Answering paragraph 18 of plaintiff's Complaint, GM admits only that plaintiff worked as a Production Supervisor in the Core Department (also referred to as the Core Room), but denies the remaining allegations contained therein.

19.     Answering paragraph 19 of plaintiff's Complaint, GM denies the allegations contained therein.

20.     Answering paragraph 20 of plaintiff's Complaint, GM denies the allegations contained therein.

21.     Answering paragraph 21 of plaintiff's Complaint, GM admits only that it discussed with plaintiff issues surrounding lateral and promotional transfers to other GM plants, but denies the remaining allegations contained therein.

22.     Answering paragraph 22 of plaintiff's Complaint, GM denies the allegations contained therein.

23.     Answering paragraph 23 of plaintiff's Complaint, GM denies the allegations contained therein.

24.     Answering paragraph 24 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

25.     Answering paragraph 25 of plaintiff's Complaint, GM denies the allegations contained therein for lack of sufficient information to admit or deny the same.

26.     Answering paragraph 26 of plaintiff's Complaint, GM admits only on information and belief that employees including plaintiff sometimes purchased food for themselves and for their co-workers at a local Knights of Columbus hall, but denies the remaining allegations contained therein.

27.     Answering paragraph 27 of plaintiff's Complaint, GM denies the allegations contained therein.

28.     Answering paragraph 28 of plaintiff's Complaint, GM admits only that Elisha Huddleston was involved in monitoring plaintiff's performance while he participated in a Performance Improvement Plan, but denies the remaining allegations contained therein.

29.     Answering paragraph 29 of plaintiff's Complaint, GM denies the remaining allegations contained therein.

30.     Answering paragraph 30 of plaintiff's Complaint, GM denies the allegations contained therein, and specifically denies that Allen was subjected to a hostile work environment.

31.     Answering paragraph 31 of plaintiff's Complaint, GM admits only that plaintiff sent a memorandum to GM in reference to a "Request for a hardship transfer," to which GM responded, but denies the remaining allegations contained therein.

32.     Answering paragraph 32 of plaintiff's Complaint, GM denies the allegations contained therein.

33.     Answering paragraph 33 of plaintiff's Complaint, GM denies the allegations contained therein.

34.     Answering paragraph 34 of plaintiff's Complaint, GM incorporates its responses and denials to paragraphs 1 through 33 of plaintiff's Complaint as if fully set forth herein.

35.     Answering paragraph 35 of plaintiff's Complaint, GM denies the allegations contained therein.

36.     Answering paragraph 36 of plaintiff's Complaint, GM denies the allegations contained therein.

37.     Answering paragraph 37 of plaintiff's Complaint, GM incorporates its responses and denials to paragraphs 1 through 36 of plaintiff's Complaint as if fully set forth herein.

38.     Answering paragraph 38 of plaintiff's Complaint, GM denies the allegations contained therein.

39.     Answering paragraph 39 of plaintiff's Complaint, GM denies the allegations contained therein.

Answering the WHEREFORE clause of plaintiff's Complaint, including subparagraphs (A) through (D), GM denies that plaintiff is entitled to any of the relief requested therein, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Further answering plaintiff's Complaint, GM denies each and every allegation contained in plaintiff's Complaint which has not been specifically admitted herein.

2.     Further answering plaintiff's Complaint, GM states that plaintiff has failed to state a claim on which relief can be granted.

3.     Further answering plaintiff's Complaint, GM states that plaintiff has failed to mitigate any alleged damages to which he claims entitlement.

4.     Further answering plaintiff's Complaint, GM states that plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, or by the doctrines of laches, waiver and estoppel.

5.	Further answering plaintiff's Complaint, GM states that any actions taken by GM with respect to plaintiff were in good faith and for legitimate business reasons and not for any discriminatory or illegal purpose, and the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of any protected status.

6.	Further answering plaintiff's Complaint, GM specifically denies the existence of any causal connection of plaintiff's alleged damages to the incidents alleged.

7.	Further answering plaintiff's Complaint, GM states that plaintiff has failed to allege facts sufficient to give rise to a claim for punitive damages.

8.	Further answering plaintiff's Complaint, GM states that punitive damages are unconstitutional in that they are in violation of the due process clause of the United States Constitution, and therefore the prayer for such relief should be struck from plaintiff's Complaint.

9.	Further answering plaintiff's Complaint, GM states that plaintiff is not entitled to punitive damages in that GM has acted at all times with good faith efforts to comply with all laws prohibiting discrimination.

10.	Further answering plaintiff's Complaint, GM states that it exercised reasonable care to prevent and promptly correct any alleged incidents of harassment and that plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by defendant or to avoid harm otherwise.

11.	Further answering plaintiff's Complaint, GM states that plaintiff's claims are barred in part by the exclusive remedies of Ohio workers' compensation law.

12.	GM presently has insufficient knowledge of additional, as yet unstated, affirmative defenses available.  GM reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered plaintiff's Complaint, GM prays for judgment in its favor and against plaintiff and for reasonable attorneys' fees and costs incurred in connection with the defense of this litigation, and for any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Tybo Alan Wilhelms
Tybo Alan Wilhelms   (0009407)
BUGBEE & CONKLE, LLP
National City Bank Building,
405 Madison Avenue, Suite 1300
Toledo, Ohio 43604
Telephone:  (419) 244-6788
Facsimile:   (419) 244-7145
E-mail:  twilhelms@bugbee-conkle.com

Bridget B. Romero (MO# 56850)
David C. Vogel
(Pro Hac Vice papers to be filed)
LATHROP & GAGE L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 460-5602
Facsimile:   (816) 292-2001
E-mail:  bromero@lathropgage.com

*Attorneys for Defendant General Motors Corporation*

7

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of June, 2008, a copy of Defendant General Motors

Corporation's Answer to Plaintiff's Complaint was filed electronically.  Notice of this filing will

be sent to all parties by operation of the court's electronic filing system.  Parties may access this

filing through the Court's system.

/s/ *Tybo Alan Wilhelms*
Tybo Alan Wilhelms
*One of the Attorneys for Defendant*
*General Motors Corporation*

CC 2007078v1